UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARSON OPTICAL, INC., et al.,

                    Plaintiffs,                    **REPORT AND**
                                                                                    **RECOMMENDATION**
    -against-                                       CV 09-1625(TCP)(ARL)

ELECTRO-OPTIX, INC., et al.,

                    Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court upon referral from District Judge Platt is the plaintiff's motion to vacate a default judgment entered by the Clerk of Court on May 18, 2010. The undersigned held a status conference on June 8, 2010. During this conference, the court indicated on the record that it would issue a report recommending that the default be vacated in the interest of justice, and that the defendant's service-of-process argument is waived. That report follows.

       The defendant filed a motion to dismiss in June 2009. Upon referral from Judge Platt, the undersigned issued a report recommending that the motion be denied. (Docket Entry 12.) Judge Platt adopted the motion on April 23, 2010. Thereafter, the defendant did not file an answer nor did it seek leave for additional time to answer. As a result, on May 17, 2010, the plaintiff requested that the Clerk of Court enter a default judgment, which was entered the following day on May 18, 2010. (Docket Entry 15.) As discussed at the status conference, the defendant's attorney claims that he emailed the plaintiff's attorney seeking a stay of discovery. The plaintiff's attorney responds that he did not receive such an email. In any event, the plaintiff did not consent to a stay, nor did the court enter a stay, nor did the court extend the time to answer.

       It is undisputed that the time for the defendant to file an answer has expired. *See* FED. R. CIV. P. 12(a)(4)(A). It is also undisputed that the defendant's service-of-process argument is

waived by failing to raise this issue in the motion to dismiss. *See* Fed. R. Civ. P. 12(b)(3). As such, the court agrees with the plaintiff that the default judgment was properly entered. However, in deciding whether to vacate a default judgment, the court may consider "[o]ther relevant equitable factors [such as] . . . whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also State of New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (the Second Circuit has "expressed a strong preference for resolving disputes on the merits"). Despite the failure of the defendant's attorney to comply with the Federal Rules, to the extent that the defendant is now ready and willing to proceed with this action, the interests of justice sways the undersigned that vacating the default judgment is the proper result. However, as the court warned the defendant's counsel at the status conference, in the future the defendant's counsel will not be excused for any further violations of the relevant rules governing civil practice, including the Federal Rules, the Local Rules, and the court's Individual Rules.

## RECOMMENDATION

For foregoing reasons, the undersigned respectfully recommends that default judgment against the defendant be vacated, and that the defendant's service-of-process argument is waived under Federal Rule of Civil Procedure 12(b)(3). Any objections to this Report and Recommendation must be field with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       June 8, 2010

>          _____/s/_____
>          ARLENE ROSARIO LINDSAY
>          United States Magistrate Judge