UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CARSON OPTICAL, INC. and LEADING
EXTREME OPTIMIST INDUSTRIES
LIMITED,

                                      09-CV-1625 (TCP)

              Plaintiffs,

      -against-                     **MEMORANDUM**
                                       **AND ORDER**

ELECTRO-OPTIX, INC. and CHRISTOPHER
SCHOENJOHN,

              Defendants.
--------------------------------------------------------X
PLATT, District Judge.

     Before the Court is plaintiffs' motion to amend their complaint pursuant to Federal Rule

of Civil Procedure 15.  For the following reasons, plaintiffs' motion is hereby **GRANTED**.

## BACKGROUND

**A.**    **Facts**

     Carson Optical, Inc. and Leading Extreme Optimist Industries Limited ("plaintiffs") filed

their complaint against Electro-Optix, Inc. and its principal Christopher Schoenjohn

("defendants") on April 21, 2009.  The complaint alleges that plaintiffs manufacture, import and

distribute various optical magnifier products for which they hold federal patents, trademarks and

copyrights in addition to common law protections.

     The complaint alleges that defendants intentionally manufactured and sold products which

copied plaintiffs' products to foster consumer confusion as to the products' origin.  The complaint

also alleges that defendants used plaintiffs' copyrighted photographs to illustrate their products on

the Amazon.com website.

     Plaintiffs seek damages and injunctive relief for patent infringement, copyright

infringement, trademark and trade dress infringement, unfair competition and deceptive business practices.

## B.    Procedural History

Plaintiffs filed their complaint on April 21, 2009.  On August 10, 2009, defendants filed a motion to dismiss.  On January 22, 2010, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation recommending that defendants' motion be denied.  By Order dated April 23, 2010, Magistrate Judge Lindsay's Report and Recommendation was adopted in its entirety and the motion to dismiss was denied.

Defendants filed their answer and counterclaims on July 17, 2010 and plaintiffs filed their answer to defendants' counterclaims on August 6, 2010.  As discussed below, plaintiffs move to amend their complaint to add two new patents issued after their original complaint was filed.

## DISCUSSION

## A.    Legal Standard to Amend a Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[1]  The Rule's decree that "leave to amend shall be freely given when justice so requires" is a "mandate . . . to be heeded."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  "Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion."  *Acito*

---

1.  Defendants argue that Federal Rule of Civil Procedure 16 governs leave to amend after a scheduling order has been entered. Mem. in Opp. at p. 4.  They contend that plaintiffs must show good cause, which may depend upon the diligence of the moving party, for an application to amend a scheduling order.  The scheduling order, however, provides that the parties have until July 13, 2012 to move to amend the pleadings.  DE 32.  Given that the scheduling order is unaffected by plaintiffs' motion, it is properly decided pursuant to Rule 15.

*v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). A trial court does not abuse its discretion by denying leave to amend when the amendment would be futile. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979).

**B.      Plaintiffs' Motion to Amend**

After its original complaint was filed, plaintiff Carson Optical was assigned two additional patents. On August 4, 2011, Carson became the assignee of U.S. Patent No. D613,437S, which was issued by the United States Patent and Trademark Office on April 6, 2010. On September 27, 2011, Carson became the assignee of U.S. Patent No. 6,215,601 B1, issued April 10, 2001.

Plaintiffs move to amend their complaint to add claims with respect to the additional patents. They contend that both justice and judicial economy are best served by allowing all of the patent claims against defendants to be heard in a single action. They also contend that defendants will not be prejudiced by the addition of the new patent claims because discovery has not yet begun in earnest.

Defendants oppose plaintiffs' motion to amend on various grounds. They argue that the proposed causes of action would be futile because they would not withstand a motion to dismiss. As noted above, however, defendants' previous motion to dismiss was denied because of outstanding issues of fact. The claims with respect to the additional patents raise similar factual issues and, consequently, would most likely withstand such a motion.

Defendants also argue that the proposed amended complaint does not satisfy the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) because they do

not plead facts about defendant Schoenjohn's personal liability. Yet, the proposed amended complaint identifies Schoenjohn as the corporate officer and/or owner of defendant Electro-Optix, Inc. DE 35 at p. 6. It also contends that Schoenjohn "is the mastermind behind the infringing activities described herein, and is responsible for directing the manufacture, distribution, offer for sale and sale of the infringing goods." *Id.* at 6-7.

Defendants also argue that plaintiffs' unfair competition and deceptive business practices claims are improperly pled, as they did in their motion to dismiss. The proposed amended complaint alleges that defendants copied their unique designs in an effort to confuse customers and drive business away. These contentions give rise to colorable claims.

**CONCLUSION**

For all of the foregoing reasons and the fact that discovery has not yet begun, plaintiffs' motion to amend their complaint is hereby **GRANTED**. Plaintiffs are to serve their amended complaint on defendants within fifteen (15) days after entry of this Order.

**SO ORDERED**.

Dated: December 21, 2012
      Central Islip, New York

                                             /s/
                                 Thomas C. Platt, U.S.D.J.