LAW OFFICES OF
THOMAS M. MULLANEY
275 MADISON AVENUE, 37TH Floor
NEW YORK, NEW YORK 10016
Tel.:   (212) 223-0800
Fax:   (212) 661-9860

January 14, 2013

The Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 10007

      Re: *Carson Optical, et al. v. Electro-Optix, et al.,*
         Case No. 09-cv-1625(TCP)(GRB)

Your Honor,

    Although Plaintiffs Carson Optical, Inc. and Leading Extreme Optimist Industries Ltd (together, "Plaintiffs" or "Carson") filed their Complaint in this action on April 21, 2009, they have yet to produce a single page of document discovery.  Plaintiffs have not produced the Required Disclosures of Rule 26(a)(1)(A) pursuant to either the April 2009 Complaint, nor to the Amended Complaint dated December 28, 2012.  Plaintiffs have also refused to produce any documents responsive to requests made on September 14, 2011.  Plaintiffs have not altered their position during several "meet and confer" discussions, both by telephone and electronic mail.  Accordingly, I write on behalf of Defendants/Counterclaim Plaintiffs Electro-Optix, Inc. and Christopher Schoenjohn (together, "Electro") pursuant to Your Honor's Individual Rules of Practice to move to compel Plaintiff's production of documents responsive to Electro's document requests.

    Electro served its First Request for the Production of Documents, and Interrogatories, on Plaintiffs on October 14, 2011.  Plaintiffs did not "respond" and object until fourteen (14) months later, on December 14, 2012.  Plaintiffs in fact only objected, because they still have not produced a single document to Defendants.  Despite having an intervening 14 months to gather information to support its claims, Plaintiffs stated that "Plaintiffs <u>will</u> produce all relevant non-privileged documents, <u>if any</u>, [] responsive to this request that <u>are revealed</u> by a reasonable and diligent search."  Plaintiffs made that statement in each of its December 2012 Responses, and then later disavowed that representation.

    Plaintiffs subsequently advised that because Electro's requests "<u>could</u> involve production of tens of thousands of documents" it would make all of its documents available for "inspection and photocopying" only at Carson's Long Island headquarters   Then, from the "60 or 70 boxes" of documents stored at Carson's office, Plaintiffs insist on requiring me to flag the documents that I want to photocopy from this assortment -- and they give the explicit reason that Plaintiffs' counsel will take its own copy of the subset of what I flag for copying. Plaintiffs' counsel appears not to have its own set of documents relevant to this case, of whatever scope, because it refuses to allow my inspection of documents in its offices (Pryor

Cashman's offices are some three blocks away from my offices in Manhattan, while Carson's headquarters are in Hauppauge). So instead of gathering and producing relevant evidence in its own case, Plaintiffs seek to shift this burden on to Electro. This procedure also would be gratuitously inconvenient, and by definition would allow plaintiffs' counsel to see and benefit from mental impressions of these documents and violate the "work product" privilege.

In addition, Plaintiffs long ago waived any objection to producing documents at my office, as I specifically requested in Defendants' October 14, 2011 First Request for Production. Plaintiffs did not propound any objections whatsoever for well over a year, and so waived them. See FRCP 34(b)(2)(A). Moreover, Plaintiffs stated in their December 14, 2012 Responses (attached) that Carson "will produce" relevant, responsive documents at my office, plainly acknowledging that producing documents in my office comprises a "reasonable time…and manner" for conducting such discovery. See FRCP 34(b)(1)(B). Even if not waived, Plaintiffs' subsequent change of heart simply does not offer a reasonable time place and manner for conducting document discovery.

This conduct is part and parcel of Plaintiffs improper management of discovery in other related cases pending in this District. For example, on January 9, 2013 *Prym Consumer USA, Inc.* was forced to move to compel Plaintiffs' production of documents in Civil Action No. 11-cv-03677 (ARL) (Document 59). In that letter motion Prym wrote that Carson had refused even to meet and confer concerning its deficient document production, after initially refusing to produce documents at all relevant to overlapping key issues of "(1) communication regarding the Carson magnifiers; (2) advertising and marketing materials regarding the Carson magnifiers; (3) the conception/design of the Carson magnifiers; (4) the prosecution of the Carson patents; (5) sales of the Carson magnifiers; (6) Carson's purported trade dress protection; and (7) Carson's patent markings." Notably, in that case Carson did provide at least some documents to its adversary -- in fact arguing that the entire universe of documents in that similar case is only some 3,000 pages. Plaintiffs apparently have not offered to Prym free run of some other, far-larger set of documents found in its clients' offices. Plaintiffs' contradictory representations concerning similar document requests on similar issues in similar cases cannot both be true.

Accordingly, it is respectfully submitted that Plaintiffs should be compelled to produce responsive documents at my office consistent with their own responses to Electro's document demands, and the Federal Rules of Civil Procedure.

Sincerely,

Thomas M. Mullaney

Cc: Plaintiff's Counsel (by email)

Robert J. deBrauwere:  rdebrauwere@pryorcashman.com
Eric D. Dowell:  edowell@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036-6569
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806

Attorneys for Plaintiff
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARSON OPTICAL, INC. and LEADING EXTREME OPTIMIST INDUSTRIES LIMITED,<br><br>                Plaintiffs,<br><br>     - against -<br><br>ELECTRO-OPTIX, INC. and CHRISTOPHER SCHOENJOHN,<br><br>                Defendants. | Civil Action No.<br>09-cv-1625 TCP-GRB<br><br>**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiffs Carson Optical, Inc. and Leading Extreme Optimist Industries Limited (collectively, the "Plaintiffs"), by and through their attorneys, Pryor Cashman LLP, hereby respond to Defendants' Electro-Optix, Inc. and Christopher Schoenjohn's ("Defendants") First Request for Production of Documents and Things (the "Requests") dated October 14, 2011:

**GENERAL OBJECTIONS**

1.    Plaintiffs object to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure ("FRCP") or other applicable statute, regulation, rule, or court order.

1199301 v3
15549.00004

2.      Plaintiffs object to the Requests to the extent they call for the disclosure of information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation or rule. The inadvertent disclosure of any privileged information or production of any privileged documents shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents or any other information provided or documents produced.

3.      Plaintiffs object to the Requests to the extent they call for the disclosure of information or the production of documents that are not relevant to the issues of law and fact in this action or are not reasonably calculated to lead to the discovery of admissible evidence.

4.      To the extent the Requests seek the disclosure of information or the production of documents containing trade secrets or other confidential, business or proprietary information, Plaintiffs will provide such information or produce documents containing such information only subject to an appropriate confidentiality order, and Plaintiffs expressly reserve all their rights in connection with such information.

5.      Plaintiffs object to the Requests to the extent they request the disclosure of information not within Plaintiffs' knowledge. Plaintiffs have made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

6.      Plaintiffs object to the Requests to the extent they call for the production of documents for an undefined period of time on the grounds that such Requests are overly broad, unduly burdensome, beyond the scope of the allegations in the pleading in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiffs object to the Requests to the extent they request the production of documents not in Plaintiffs' actual possession, custody or control. Plaintiffs have made or will make a

reasonably diligent attempt to gather all materials that are non-objectionable, non-privileged, and responsive to the Requests.

8.     Neither an indication that responsive documents, if any, will be produced nor an objection to a particular Request indicates that documents responsive to that Request exist.  By agreeing to comply with a particular Document Request, Plaintiffs represent only that they will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

9.     In responding to the Requests, Plaintiffs neither waive nor intend to waive, but expressly reserve, any and all objections to the relevance, competence, susceptibility to discovery, materiality or admissibility of any information or documents provided.

10.    Plaintiffs makes these responses based upon their knowledge as of the date of these responses.  Plaintiffs will supplement these responses only to the extent required by the FRCP or other applicable law, regulation, rule, or court order.  Plaintiffs hereby reserve the right to introduce into evidence at trial, hearing or other proceedings in this action information discovered subsequent to the date of these responses.

11.    Each of the foregoing General Objections is incorporated by reference into each specific response below, even if not expressly stated therein.

## SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION No. 1:

All documents concerning all manufacturing, importing, marketing, sales and/or distribution by you of Magnilook.

### RESPONSE No. 1

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 2:**

All documents concerning all manufacturing, importing, marketing, sales and/or distribution by you of Item No. 1625.

**RESPONSE No. 2**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 3:**

All documents concerning all manufacturing, importing, marketing, sales and/or distribution by you of LumiLoupe.

**RESPONSE No. 3**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 4:**

All documents concerning all manufacturing, importing, marketing, sales and/or distribution by you of MagniGrip.

**RESPONSE No. 4**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 5:**

All documents concerning all manufacturing, importing, marketing, sales and/or distribution by you of RimFree.

**RESPONSE No. 5**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 6:**

All documents concerning all manufacturing, importing, marketing, sales and/or distribution by you of MagRX.

**RESPONSE No. 6**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 7**

Documents reflecting any and all communications with the manufacturer of the packaging for 1625.

**RESPONSE No. 7**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 8:**

Documents reflecting any and all communications with the manufacturer of the packaging for 1625.

### RESPONSE No. 8

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 9:**

Documents reflecting any and all communications with the manufacturer of the packaging for LumiLoupe.

### RESPONSE No. 9

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 10:**

Documents reflecting any and all communications with the manufacturer of the packaging for MagniGrip.

### RESPONSE No. 10

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 11:**

Documents reflecting any and all communications with the manufacturer of the packaging for RimFree.

### RESPONSE No. 11

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 12:**

Documents reflecting any and all communications with the manufacturer of the packaging for MagRX.

### RESPONSE No. 12

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 13:**

All documents concerning the design of the packaging utilized by you in connection with MagniLook.

### RESPONSE No. 13

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 14:**

All documents concerning your alleged ownership of the photograph allegedly misused by Defendants and that is depicted in Exhibit 15 to the Complaint.

**RESPONSE No. 14**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 15:**

All documents concerning the design of the packaging utilized by you in connection with 1625.

**RESPONSE No. 15**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 16:**

All documents concerning your alleged ownership of the photographs allegedly misused by Defendants and that are depicted in Exhibit 20 to the Complaint.

**RESPONSE No. 16**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 17:**

All documents concerning your alleged ownership of the photographs allegedly misused by Defendants and that are depicted in Exhibit 22 to the Complaint.

> **RESPONSE No. 17**
>
> Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 18:**

All documents relating to all of your costs associated with manufacturing, importing, marketing, sales and/or distribution by you of MagniLook. Responsive documents shall include, but are not limited to, documents concerning your costs of producing, manufacturing, outsourcing, transporting, shipping, marketing, advertising, or selling any such product.

> **RESPONSE No. 18**
>
> Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 19:**

All documents relating to all of your costs associated with manufacturing, importing, marketing, sales and/or distribution by you of 1625. Responsive documents shall include, but are not limited to, documents concerning your costs of producing, manufacturing, outsourcing, transporting, shipping, marketing, advertising, or selling any such product.

**RESPONSE No. 19**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 20:**

All documents relating to all of your costs associated with manufacturing, importing, marketing, sales and/or distribution by you of LumiLoupe. Responsive documents shall include, but are not limited to, documents concerning your costs of producing, manufacturing, outsourcing, transporting, shipping, marketing, advertising, or selling any such product.

**RESPONSE No. 20**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 21:**

All documents relating to all of your costs associated with manufacturing, importing, marketing, sales and/or distribution by you of MagniGrip. Responsive documents shall include, but are not limited to, documents concerning your costs of producing, manufacturing, outsourcing, transporting, shipping, marketing, advertising, or selling any such product.

**RESPONSE No. 21**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 22:**

All documents relating to all of your costs associated with manufacturing, importing, marketing, sales and/or distribution by you of RimFree. Responsive documents shall include, but are not limited to, documents concerning your costs of producing, manufacturing, outsourcing, transporting, shipping, marketing, advertising, or selling any such product.

**RESPONSE No. 22**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 23:**

All documents relating to all of your costs associated with manufacturing, importing, marketing, sales and/or distribution by you of MagRX. Responsive documents shall include, but are not limited to, documents concerning your costs of producing, manufacturing, outsourcing, transporting, shipping, marketing, advertising, or selling any such product.

**RESPONSE No. 23**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 24:**

All documents relating to the enforcement or attempts to enforce the MagniLook Trade Dress as defined at paragraph 15 of the Complaint.

**RESPONSE No. 24**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 25:**

All documents relating to the enforcement or attempts to enforce the NL-50 Necklace Magnifier Package Copyright as defined at paragraph 16 of the Complaint.

**RESPONSE No. 25**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 26:**

All documents relating to the enforcement or attempts to enforce the KL-10 MagniLook Magnifier Package Copyright as defined at paragraph 17 of the Complaint.

**RESPONSE No. 26**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 27:**

All documents relating to the enforcement or attempts to enforce the 1625 Bar Magnifier Package Copyright as defined at paragraph 19 of the Complaint.

**RESPONSE No. 27**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 28:**

All documents relating to the enforcement or attempts to enforce the 1625 Bar Magnifier Trade Dress as defined at paragraph 20 of the Complaint.

**RESPONSE No. 28**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 29:**

All documents relating to the enforcement or attempts to enforce the LumiLoupe Trade Dress as defined at paragraph 22 of the Complaint.

**RESPONSE No. 29**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 30:**

All documents relating to the enforcement or attempts to enforce the MagniGrip Trade Dress as defined at paragraph 24 of the Complaint.

**RESPONSE No. 30**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs

will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 31:**

All documents comprising the file wrapper submitted to the United States Patent and Trademark Office in the prosecution of the 726 Patent as defined at paragraph 26 of the Complaint.

**RESPONSE No. 31**

Plaintiff objects to this Request as ambiguous because the file wrapper contains documents in addition to those documents "submitted to the USPTO in the prosecution of the 726 Patent." Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 32:**

All documents comprising the file wrapper submitted to the United States Patent and Trademark Office in the prosecution of the 843 Patent as defined at paragraph 29 of the Complaint.

**RESPONSE No. 32**

Plaintiff objects to this Request as ambiguous because the file wrapper contains documents in addition to those documents "submitted to the USPTO in the prosecution of the 843 Patent." Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 33:**

Documents sufficient to identify your price and sales volume, whether expressed in dollars or units,

with respect to MagniLook.

### RESPONSE No. 33

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 34:

Documents sufficient to identify price your sales volume, whether expressed in dollars or units, with respect to Item No. 1625.

### RESPONSE No. 34

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 35:

Documents sufficient to identify your price and sales volume, whether expressed in dollars or units, with respect to LumiLoupe.

### RESPONSE No. 35

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 36:

Documents sufficient to identify your price and sales volume, whether expressed in dollars or units, with respect to MagniGrip.

### RESPONSE No. 36

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or

control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 37:**

Documents sufficient to identify your price and sales volume, whether expressed in dollars or units, with respect to RimFree.

**RESPONSE No. 37**

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 38:**

Documents sufficient to identify your price and sales volume, whether expressed in dollars or units, with respect to MagRX.

**RESPONSE No. 38**

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 39:**

Documents sufficient to identify your profits earned with respect to your sales of MagniLook.

**RESPONSE No. 39**

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 40:**

Documents sufficient to identify your profits earned with respect to your sales of Item No. 1625.

### RESPONSE No. 40

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 41:

Documents sufficient to identify your profits earned with respect to your sales of LumiLoupe.

### RESPONSE No. 41

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 42:

Documents sufficient to identify your profits earned with respect to your sales of RimFree.

### RESPONSE No. 42

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 43:

Documents sufficient to identify your profits earned with respect to your sales MagniGrip.

### RESPONSE No. 43

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 44:**

Documents sufficient to identify your profits earned with respect to your sales of MagRX.

**RESPONSE No. 44**

Subject to, and without waiver of, the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 45:**

All documents relating to any communication between you and either Electro-Optix or Schoenjohn, including but not limited to any cease and desist letter(s) sent to either party, or Amazon.com.

**RESPONSE No. 45**

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 46:**

All documents relating to any actual confusion of any products manufactured, marketed, sold and/or distributed by you with any products manufactured, marketed, sold and/or distributed by defendants.

**RESPONSE No. 46**

Plaintiff objects to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 47:**

All documents relating to the allegation that any of Carson's products and/or packaging "have become well known to the consuming public and trade as identifying and distinguishing Carson exclusively and uniquely as the source or origin of such high quality magnifiers" as alleged at paragraph 12 of the Complaint, including but not limited to any consumer survey performed by Leading Extreme concerning its magnifiers.

**RESPONSE No. 47**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 48:**

All documents relating to the allegation that any of Leading Extreme's products and/or packaging "have become well known to the consuming public and trade as identifying and distinguishing Leading Extreme exclusively and uniquely as the source or origin of such high quality magnifiers" as alleged at paragraph 13 of the Complaint, including but not limited to any consumer survey performed by Leading Extreme concerning its magnifiers.

**RESPONSE No. 48**

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 49:**

All documents that you contend support any of the denials or Affirmative Defenses asserted in Counterclaim Defendants' Answer.

### RESPONSE No. 49

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 50:

All documents concerning your allegation(s) in the Complaint that the design or trade dress of plaintiffs' products is distinct, or has acquired secondary meaning, or is non-functional.

### RESPONSE No. 50

Plaintiffs object to this Request as overly broad and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it requires Plaintiffs  to propound a legal conclusion.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 51:

All documents that you contend support your claim for an award of attorney's fees and costs in this action.

### RESPONSE No. 51

Plaintiffs object to this Request as overly broad and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it requires Plaintiffs  to propound a legal conclusion.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their

possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

## REQUEST FOR PRODUCTION No. 52:

All documents that you contend support your claim that Leading Extreme's "Balloon" enjoys common law trademark protection in the United States, as alleged in paragraph 20 of the Complaint, including but not limited to any documents related to your allegation that the balloon logo is "inherently distinctive."

### RESPONSE No. 52

Plaintiffs object to this Request as overly broad and unduly burdensome. Plaintiffs further object to this Request on the grounds that it requires Plaintiffs to propound a legal conclusion. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

## REQUEST FOR PRODUCTION No. 53:

All documents concerning your allegation at paragraph 24 of the Complaint that plaintiffs' products have achieved "favorable consumer and trade acceptance."

### RESPONSE No. 53

Plaintiffs object to this Request as overly broad and unduly burdensome. Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

## REQUEST FOR PRODUCTION No. 54:

All documents concerning any communications with the Patent and Trademark Office related to trademark no. 2,796,876, including but not limited to the communications themselves.

### RESPONSE No. 54

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 55:

All documents concerning any communications with the Patent and Trademark Office related to the "Magnifier Packaging Copyrights," as defined at paragraph 19 of the Complaint, including but not limited to the communications themselves.

### RESPONSE No. 55

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 56:

All documents tending to show that Plaintiff lost sales as a result of Defendants' activity.

### RESPONSE No. 56

Plaintiffs object to this Request as overly broad and unduly burdensome.  Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

### REQUEST FOR PRODUCTION No. 57:

All documents supporting Plaintiff's claim that "upon information and belief, Christopher Schoenjohn is the mastermind behind the infringing activities," and therefore should be a named party in this action.

**RESPONSE No. 57**

Subject to, and without waiver of, these Specific Objections and the foregoing General Objections, Plaintiffs will produce all relevant non-privileged documents, if any, in their possession, custody, or control responsive to this Request that are revealed by a reasonable and diligent search.

**REQUEST FOR PRODUCTION No. 58:**

One example of each of the MagniLook, 1625 Bar Magnifier, LumiLoupe, RimFree, MagniGrip and MagRX product, in its packaging.

**RESPONSE No. 58**

Plaintiffs will provide samples of the above-referenced items.

Dated: New York, New York
December 14, 2012

PRYOR CASHMAN LLP

By: _____
Robert J. deBrauwere
Eric D. Dowell
7 Times Square
New York, New York 10036
(212) 421-4100
*Attorneys for plaintiffs Carson Optical, Inc. and Leading Extreme Optimist Industries Limited*

TO:

Thomas M. Mullaney
275 Madison Avenue, Suite 3700
New York, New York 10016
(212) 223-0800
*Attorneys for defendants Electro-Optix, Inc. and Christopher Schoenjohn*

1199301 v3
15549.00004                                            23